**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CARLOS ERNESTO PINEDA-REYES,

Petitioner,

v. Case No. 1:26-cv-02983 KWR-GJF

WARDEN, *Torrance County Detention Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR*, Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained by ICE since December 2025. Petitioner previously received a bond hearing pursuant to 8 U.S.C. § 1226(a). Bond was denied. Petitioner now asserts that his detention is prolonged. He requests release. As explained below, Petitioner's Petition is not well-taken and therefore is **DENIED**.

**BACKGROUND**

Petitioner is a citizen of El Salvador and is currently detained by ICE at the Torrance County Detention Center. Petitioner was arrested for driving while intoxicated and detained by local authorities at the Eddy County Detention Center in Carlsbad, New Mexico. On December 7, 2025, immigration authorities took him into custody.

Petitioner received a bond hearing on April 13, 2026. The immigration judge denied bond, stating as follows in his written order:

> The DHS has proven by clear and convincing evidence that the respondent poses an extreme flight risk if released on bond, as he has no legally available way to remain in the United States, but desires top remain in the United States has no intention to depart the United States. The respondent is 32 years old, illegally entered the United States in 2010, but did not apply for asylum until 2019. Thus, he is subject to the one-year asylum bar and has no other way to lawfully remain in the United States, as even a grant of withholding of removal or protection under the Convention Against Torture would require the respondent's removal from the United States to a country other than El Salvador. For these reasons the Court finds that the DHS has proven by clear and convincing evidence that the respondent poses and extreme flight risk if released on bond and is properly detained without bond. The Court declines to set bond in this case.

Doc. 6-2 at 1. An immigration judge issued a removal order on June 12, 2026. Petitioner appealed the removal order, and his removal order remains pending.

Petitioner appears to assert the following claims. First, he asserts that his detention is governed by the discretionary detention provisions of 8 U.S.C. § 1226(a), not the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A). Second, he appears to assert that his detention is prolonged in violation of due process. Third, Petitioner appears to assert that his detention violates procedural due process because his prior bond hearing is now stale.

## DISCUSSION

First, Petitioner asserts that he should not be mandatorily detained under 8 U.S.C. § 1225(b)(2)(A), but should instead be detained under § 1226(a). The Court disagrees. Petitioner already received a bond hearing under 8 U.S.C. § 1226(a). Petitioner's detention is therefore lawful, and he has received the process due under § 1226(a). *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026).

Second, to the extent Petitioner challenges the flight risk determination, the Court lacks authority to review that decision. Generally, the Court lacks jurisdiction to review a discretionary

determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions, such as the determination that a noncitizen is a flight risk, are generally not reviewable by a federal district court. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he is a flight risk. The Court lacks authority to review the immigration judge's discretionary determination. In the alternative, in its discretion the Court would not set aside that determination.

However, the Court has discretion to review constitutional violations. For example, a noncitizen is entitled at least to fundamental fairness at a bond hearing. "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an

individualized determination of his [or her] interests." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). Here, Petitioner does not allege that his bond hearing or bond determination violated due process. He asserts that he received a bond hearing before the Tenth Circuit issued *Santillan Quiroz,* implying that the bond determination was inadequate. But it appears the immigration judge held a bond hearing under § 1226(a) and made individualized findings explaining why Petitioner is a flight risk.

Third, Petitioner asserts that his prolonged detention violates due process because his prior bond hearing is now stale. To the extent he asserts a procedural due process claim, that claims fails. Petitioner was detained on December 7, 2026. He received a bond hearing on April 13, 2026. Thus, Petitioner received the remedy for prolonged detention, a bond hearing under § 1226(a). Petitioner has not carried his burden to show that his detention is prolonged and violates due process, or that he is entitled to another hearing at this time or release. To be sure, some courts have held that noncitizens detained under § 1226(a) pending a decision on removal are entitled to a bond hearing after their detention becomes prolonged. The Second Circuit held that detainees are entitled to an *additional* bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that § 1226(a) did not entitle the petitioner to an *additional* bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022).[1] The Court need not decide which line of cases to follow. Here, Petitioner received a bond hearing less than six months ago,

[1] The Court notes that these decisions were fact-dependent, and the opinions generally did not rule out finding prolonged detention under different factual circumstances.

and therefore he has received the remedy for prolonged detention. Alternatively, the Court would follow *Borbot* and *Rodriguez* and conclude he is not entitled to another bond hearing.

Fourth, to the extent he asserts a *Zadvydas* claim, that claim fails. In an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief for indefinite detention under *Zadvydas*. *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States, and there was nothing in the record to suggest that the petitioner was unremovable. *Id.* Similarly, in a published case the Tenth Circuit rejected the application of *Zadvydas* to a petitioner who had a removal order with an appeal pending, explaining as follows:

> But for now, his detention is clearly neither indefinite nor potentially permanent like the detention held improper in *Zadvydas;* it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point, and, thus, is more akin to detention during the administrative review process, which was upheld in *Demore v. Kim,* 538 U.S. 510, 527–29, 531, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").

*Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004). Petitioner has not demonstrated that his detention is indefinite or his appeal of his removal order will not be processed.

Fifth, to the extent Petitioner asserts a substantive due process claim, that claims also fails. Petitioner has substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained

does not inexorably lead to the conclusion that the government has imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746 (1987). A restriction on liberty is punitive rather than regulatory if (a) the government intends to impose punishment, or (b) the restriction is not rationally related to a legitimate nonpunitive governmental purpose or is excessive in relation to that purpose. *Id.* at 747. Detention pending a removal decision "necessarily serves the purpose of preventing deportable [ ] aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Demore v. Kim,* 538 U.S. 510, 528 (2003) (considering mandatory detention under §1226(c)).

Here, Petitioner has been detained for approximately ten months, but he does not present any facts suggesting that a decision on his removal will not occur, or that his detention is punitive. Petitioner was detained on December 7, 2025. A removal order was issued in June 2026, which Petitioner appealed. The appeal remains pending. A bond hearing was held on or about April 13, 2026 under § 1226(a). Petitioner has not argued or presented evidence that his removal proceedings will not be adjudicated or processed. Therefore, it is clear that Petitioner is being detained pending a decision on his removal, not to merely punish him. Moreover, his detention is rationally related to the legitimate governmental purpose of adjudicating his removal and ultimately removing him from the country. He is not being mandatorily detained. Rather, an immigration judge decided he should be detained as he is a flight risk. Petitioner does not demonstrate how his detention is excessive in relation to its purpose. Based on the arguments and record before the Court, the Court declines to find that Petitioner's substantive due process rights have been violated based on the length of his detention pending a decision on his removal proceedings. Therefore, Petitioner's substantive due process claim fails.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED.**

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE